**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

1. BRENDA LOPEZ TINTOS, )
Plaintiff, )
v. ) Case No. CIV-13-1354-F

1. STATE OF OKLAHOMA, *ex rel.*, BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA a/k/a UNIVERSITY OF OKLAHOMA HSC, ) JURY TRIAL DEMANDED

2. THOMAS STASKO, Individually, ) ATTORNEY LIEN CLAIMED

3. PAMELA ALLEN, Individually, )

Defendants. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action pleads as follows:

## PARTIES

1. The Plaintiff is Brenda Lopez Tintos, an adult male resident of Clark County, Nevada.

2. The Defendants are:

    A. The State of Oklahoma, *ex rel*. Board of Regents of the University of Oklahoma HSC a/k/a University of Oklahoma HSC (hereafter "HSC"), an entity doing business in Oklahoma County, Oklahoma;

    B. Thomas Stasko, individually. Mr. Stasko is a resident of Oklahoma County, Oklahoma; and

    C. Pamela Allen, individually. Ms. Allen is a resident of Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's causes of action are for:

    A. disability discrimination including failure to accommodate, wrongful termination and retaliatory termination after Plaintiff complained of such

discrimination and requested reasonable accommodations, in violation of the OADA and federal Rehabilitation Act, 29 U.S.C. §§ 701, 794, *et seq*.;

B. Disability discriminatory including exclusion from participation in, and the denial of benefits of, the services, programs and activities of the public Defendant in violation of Title II of the Americans with Disabilities Act; and

C. Interference with Plaintiff's FMLA rights, and retaliation after Plaintiff sought FMLA, in violation fo the Family Medical Leave Act.

Jurisdiction over the federal claims are vested in this Court under 29 U.S.C. § 2617(a)(2), 29 U.S.C. § 794, and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

5. The Defendant HSC is a public entity which receives funding from the federal government and is covered by the Family Medical Leave Act and the Rehabilitation Act.

6. Defendants Stasko and Allen are persons who act, directly or indirectly, in the interests of their employer, the Defendant HSC in that they made the decision to terminate the Plaintiff.

7. Plaintiff is a covered employee in that at the time of the termination she had been employed by the Defendant HSC for more than one year and had worked more than 1250 hours and was entitled to FMLA leave.

8. Defendant Stasko is, and has been since around January 2012, the Chair of the Department of Dermatology at the University of Oklahoma HSC. Dr. Stasko began

as the Chair around January 2013 and was Plaintiff's second in line supervisor.

9. Defendant Allen is, and has been since around 2011, the current Residency Program Director of the Department of Dermatology. Dr. Allen was Plaintiff's direct supervisor.

10. Plaintiff began as a Fellow in Laser and Phototherapy in the Department of Dermatology at the Defendant HSC around July, 2010.

11. Plaintiff became a Resident in the Department of Dermatology around July 2011.

12. As a medical resident, Plaintiff's duties included visiting and treating patients under the supervision of physicians. Plaintiff received wages for the services she performed and Defendant HSC issued Plaintiff a W-2 form at the end of each tax year of her employment.

13. Plaintiff was qualified for her job position and capable of performing all of the essential functions of her job with reasonable accommodation.

14. Plaintiff was also enrolled as a medical student with Defendant HSC and participated in academic activities including classes, lectures and examinations. Plaintiff was required to participate in these activities and programs in order to become a board certified dermatologist and she was capable of participating in such activities and programs with reasonable modifications. Completion of the residency program was required for Plaintiff to become a board certified dermatologist.

15. Plaintiff suffers from Bipolar Disease, a disorder which, without regard to the ameliorative effects of mitigating measures substantially limits one or more major life activities and bodily functions including, but not limited to:

A. Plaintiff would be unable or nearly unable to concentrate and think coherently;

B. Plaintiff's ability to sleep would be substantially impaired in that Plaintiff would only be able to sleep an hour or two at a time without waking with extreme anxiety.

C. Plaintiff would be substantially impaired in terms of her neurological

functions.

16. As a result of the limitations set out in Para. 8, above, Plaintiff suffers from a disability as defined by the Rehabilitation Act, 29 U.S.C. § 705(20)(B) and the ADA Amendments Act (ADAAA), 42 U.S.C. § 12102(1)(A), (2)(B), in that she suffers from a condition which materially impairs major life activities and bodily functions as defined by and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

17. At the least, Defendant HSC perceived Plaintiff as having a disability. Plaintiff was told by Defendant Allen that she looked "crazy" in the context of a conversation about Plaintiff's disability. In the same context Defendant Allen told the Plaintiff that she and Defendant HSC were afraid Plaintiff would harm someone because of her medical condition.

18. Around March 2012 Plaintiff requested reasonable accommodations including being allowed to take off from her duties at HSC to visit a psychiatrist two times per week, to take intermittent FMLA leave when necessary to treat or recover from episodes related to her disability.

19. Plaintiff requested accommodations and modifications of the residency program including time off from work and academic programs to obtain medical treatment for her disability. Plaintiff also requested that Defendant HSC provide an adjusted work schedule in terms of arriving to work or being absent from work due to her medical condition.

20. Around April 2012 Defendant Allen placed Plaintiff on a corrective action plan lasting sixty work days for reasons including Plaintiff's medical-related leave.

21. Plaintiff was hospitalized for around one week in mid-March, 2013 for treatment of her medical condition. After release from the hospital, Plaintiff was authorized by her physician to return to work.

22. Around March 2013 Plaintiff was placed on involuntary leave by Defendants Allen and Stasko.

23. Defendants Allen and Stakso told Plaintiff she could not return to work until she reported to a clinic for substance abuse because Plaintiff was taking medication for her disability. Taking medication for a disability is not substance abuse.

24. Plaintiff complied with Defendants' instructions by reporting the medication to a clinic, but was told the same information that Plaintiff had already told Defendants – that taking prescribed medication for her disability was not substance abuse. The clinic determined that taking medication for a disability is not substance abuse.

25. Plaintiff was allowed to return to work about a week after her leave began, but only after Dr. Stasko demanded to speak and did speak directly with the employee who worked for the substance abuse clinic about the Plaintiff and her medical conditions.

26. During this period Plaintiff reported to both Defendants Allen and Stasko that she felt discriminated against because of her disability and asked that the Defendants stop discriminating against her. Defendants were unresponsive to Plaintiff's complaints.

27. Around June 2013 Plaintiff was hospitalized for more than three days for treatment of her disability. Plaintiff's hospitalization was for a serious medical condition such that her absence was protected under the FMLA.

28. Plaintiff timely notified the Defendants of her hospitalization and the reason for such hospitalization.

29. Around two weeks after being hospitalized, Plaintiff was notified by Defendants that her employment would be terminated effective around August 26, 2013. To Plaintiff's knowledge Defendants Allen and Stasko made the decision to terminate her from the residency program.

30. By being terminated from the residency program, Plaintiff was terminated from her employment with Defendant HSC and was terminated as a student and prohibited

from participating in the activities, services and programs provided to medical residents by Defendant HSC.

31. At the time of her termination Plaintiff had not utilized the twelve weeks of FMLA protected leave to which she was entitled.

32. Such leave was a reasonable accommodation for Plaintiff's disability and failing to allow Plaintiff to continue such leave, and terminating Plaintiff because of such leave, resulted in a failure to accommodate Plaintiff's disability, and retaliation for requesting reasonable accommodations for her disability.

33. Plaintiff received treatment for her medical condition after her termination. Plaintiff was entitled to FMLA leave for such treatment; however, as a result of the wrongful termination Plaintiff was unable to utilize the FMLA for such treatment.

34. Factors in the Plaintiff's termination and exclusion from the services, activities and benefits of Defendant HSC included Plaintiff's disability, her request for reasonable accommodations, retaliation for Plaintiff's complaints of disability discrimination and/or her use of FMLA leave.

35. As a direct result of the discrimination and retaliation the Plaintiff has suffered, and continues to suffer, lost wages (including past, present and future wages along with the value of benefits associated with such wages) and dignitary harm/emotional distress damages including frustration, worry, anxiety, stress and other similar, unpleasant emotions.

**COUNT I**

For Plaintiff's first cause of action she incorporates the allegations set forth above and further provides that:

36. This count goes to the Defendant HSC only.

37. Discrimination and retaliation on the basis of a disability or perceived disability, failing to accommodate Plaintiff's disability, and retaliation for Plaintiffs' requests

for accommodation and complaints of disability discrimination, are contrary to the Rehabilitation Act and OADA.

38. Under this Count Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

39. Plaintiff asserts that the OADA damage caps are unconstitutional under Oklahoma's prohibitions against special laws, and that Plaintiff is entitled to the full range of normal tort damages.

**COUNT II**

For Plaintiff's second cause of action she incorporates the allegations set forth above and further provides that:

40. This count goes to Defendant HSC only.

41. Denying Plaintiff access to the residency program (and the services, programs and activities which are part of the residency program) because of her disability is a violation of Title II of the ADA.

42. Under this Count Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

**COUNT III**

For Plaintiff's third cause of action she incorporates the allegations set forth above and further provides that:

43. Retaliation against the Plaintiff for Plaintiff's exercise of her rights under the FMLA, and for interference with Plaintiff's FMLA rights, are violations of the FMLA.

44. Defendant's actions were willful as defined by the FMLA.

45. As a result of such retaliation Plaintiff is entitled to actual and equitable damages including lost wages (past, present and future and for the value benefits associated

with such earnings), pre-judgment interest, attorney fees and costs.

46. Because the actions of the Defendants were not taken in good faith, Plaintiff is entitled to an award of liquidated damages against the individual defendants.

47. Plaintiff is entitled to equitable relief against Defendant HSC in the form of reinstatement and declaratory relief ordering Defendant HSC to modify its policies to provide reasonable accommodations against disabled persons such as the Plaintiff.

**PRAYER**

Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 26th DAY OF DECEMBER, 2013**.

s/Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Amberh@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED